568

## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Gail Everette Greene

v.

Commonwealth of Virginia

November 3, 1997

Case No. CL97-440

BY JUDGE WILLIAM H. LEDBETTER, JR.

The court heard evidence and arguments on Mr. Greene's petition for restoration of his operator's license on October 20, 1997, and took the case under advisement.

Mr. Greene was determined by DMV to be an habitual offender on June 11, 1997, based upon three convictions of driving while his license was suspended or revoked. The three predicate convictions are as follows: (1) in Stafford County General District Court on January 25, 1991; (2) in Orange County General District Court on November 12, 1992; and (3) in Stafford County General District Court on May 23, 1997.

Contending that his suspensions resulted from failure to pay fines and costs, Mr. Greene presented evidence that he has paid all fines and costs, and an uninsured motorist fee, so that his license should be restored pursuant to Virginia Code § 46.2-361(B).

DMV concedes that Mr. Greene has now paid his fines and costs as well as the uninsured motorist fee, but argues that Mr. Greene's license was suspended under § 46.2-706 for failure to furnish evidence of insurance, which is not one of the suspensions listed in § 46.2-361(B).

When a person has been adjudged an habitual offender based solely upon convictions of driving on a suspended license for failure to pay fines and costs, or failure to furnish proof of financial responsibility, he may petition the court *at any time* for restoration of his license upon proof that all outstanding fines

and costs have been paid and/or that proof of financial responsibility has been furnished. In other words, there is no mandatory waiting period as in other habitual offender cases.

DMV offered evidence that in 1987 Mr. Greene received notice that his license would be suspended unless he furnished evidence of insurance. On November 18, 1987, DMV issued an order of suspension, effective December 3, 1987, citing § 46.1-167.1, *inter alia*, as the basis of its authority. That statute is the predecessor of § 46.2-706, which requires proof of insurance or payment of an uninsured motorist fee and mandates that DMV suspend the license of anyone not in compliance.

On all occasions when Mr. Greene was driving a vehicle that led to the predicate convictions, his license stood suspended under the December 3, 1987, order for failure to provide proof of insurance.

Therefore, even though Mr. Greene did not pay fines and costs associated with some of his convictions, so that his license also was suspended for that reason, the fact remains that his underlying, or seminal, suspension was the 1987 DMV order of suspension issued under § 46.2-706. A suspension under § 46.2-706 is not one of those suspensions which, when it is the basis of the predicate convictions, enables one to seek restoration upon payment of fines and costs.

Mr. Greene argues, quite plausibly, that driving after a suspension for failure to furnish evidence of insurance under § 46.2-706 is so similar to driving after a suspension for failure to furnish proof of financial responsibility under § 46.2-459, that both situations should be treated the same. Because a suspension pursuant to § 46.2-459 is covered in § 46.2-361(B), allowing immediate restoration of one's license, so too, should a suspension pursuant to § 46.2-706, he argues. But the legislature has decided otherwise, and the court has no authority to extend the scope of the licensure restoration statutes merely because it might seem fair and logical to do so.

Because Mr. Greene's habitual offender determination was not "based entirely upon convictions as set out in subdivision 1 c of § 46.2-351," he is not entitled to a restoration upon payment of fines and costs, and payment of the uninsured motorist fee, under § 46.2-361(B). The requisite three-year waiting period under § 46.2-361(A) has not expired. For this reason, the petition must be denied.