# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Pamela Ann Hayes

v.

Commonwealth of Virginia

February 3, 1999

Case No. CL98-543

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the court must revisit the statutory provisions relating to restoration of an operator's license, especially Virginia Code § 46.2-361.

Ms. Hayes filed a petition for restoration of her operator's license, alleging that she was declared an habitual offender in this court on April 1, 1996; that her predicate convictions were for driving on a suspended license resulting from failure to pay fines and costs; and that she has now paid all fines and costs. At the hearing on January 27, 1999, the Commonwealth contended that some of Ms. Hayes' suspensions were not related to her failure to pay fines and costs, and therefore, she is ineligible for restoration under § 46.2-361(B).

When a person has been adjudged an habitual offender based *solely* upon convictions of driving on a suspended license for failure to pay fines and costs, or failure to provide proof of financial responsibility, that person may petition the court at any time for restoration of his or her license upon proof that all outstanding fines and costs have been paid or that proof of financial responsibility has been furnished. In other words, there is no mandatory waiting period. See *Greene v. Commonwealth of Virginia*, 46 Va. Cir. 568 (1997).

The Commonwealth offered evidence that while Ms. Hayes' license was suspended, she was convicted of driving on a suspended license three times in 1994 and 1995. The Commonwealth also offered evidence that although her

license was suspended for failure to pay fines and costs, it also was suspended under § 46.2-706 (which requires proof of insurance or payment of an uninsured motorist fee and requires DMV to suspend the license of anyone not in compliance) and under § 46.2-390.1 (which requires revocation of license for a drug offense).

A suspension under § 46.2-706 or § 46.2-390.1 is not one of those suspensions which, when it is a basis of predicate convictions, enables a person to seek restoration upon payment of all fines and costs.

Therefore, Ms. Hayes is not eligible for restoration of her license.

At the January 27th hearing, counsel for Ms. Hayes asked the court to continue the petition until April 5, 1999, at 9:00 am., in the event the court found merit in the Commonwealth's contention, so that she could argue for restoration, or at least a restricted license, based on the expiration of three years; and so that she could present argument and evidence, if necessary, to establish any credit due her for the period her license was administratively revoked prior to the habitual offender declaration on April 1, 1996.

The court will hear such arguments on April 5, 1999, and the case is continued until that date.